Commonwealth vs. Howard.

CASE 2—INDICTMENT—JUNE 4.

## Commonwealth vs. Howard.

APPEAL FROM WARREN EQUITY AND CRIMINAL COURT.

Under an indictment charging that the defendant carried "concealed deadly weapons, to-wit, a bowie knife, *and also* a dirk or dagger," it is not necessary, in order to conviction, to prove that he carried *both* a bowie knife *and* a dirk or dagger. Proof that he carried either is sufficient—there being no particularity in the description of either weapon in the indictment, and consequently no failure of proof in that respect.

A. J. JAMES, Attorney General, for Commowealth.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The indictment charges that the defendant carried "conceal-
ed deadly weapons, to-wit, a bowie knife, *and also* a dirk or
dagger."

Upon the trial, there was evidence conducing to show that
the defendant had carried concealed about his person a bowie
knife, but there was no proof of his having carried any other
weapon.

The court below, at the instance of the defendant, instruct-
ed the jury, that, "as the indictment charges facts and circum-
stances with more particularity than the law requires, to-wit,
the carrying concealed a bowie knife *and* a dirk or dagger, if
the jury believe, from the testimony, that the Commonwealth
has failed to prove that defendant carried *both* a bowie knife
*and* a dirk or dagger, and they believe he only carried conceal-
ed one deadly weapon," they must find for him.

There was a verdict and judgment of acquittal, and the
Commonwealth has appealed, insisting that the court below
erred in giving this instruction.

In the case of *Clark vs. Commonwealth,* (16 *B. Mon.*, 211,) the
the defendant was charged with having in his possession a
specified number of bank-notes, *which were particularly described
in the indictment.* The proof showed that the defendant had in
his possession counterfeit bank-notes, but there was a total fail-
ure of evidence as to the description set out in the indictment.
And it was held that although such description was not neces-
sary to the prosecution, it was neither impertinent or foreign,
and having been alleged, it devolved on the Commonwealth to
prove "that the defendant had *a bill* or *bills* of the *description*
and *denomination* stated, with intent to pass the same." But
was it necessary that the Commonwealth should have proved
the possession by the defendant of the exact *number* of the
bills as stated in the indictment? On the contrary, it is ex-
pressly decided that proof of the possession of a single one of
either of the several classes of bills as described in the indict-
ment would have authorized a conviction, although the num-
ber stated was over one hundred, and purporting to be the
notes of four or five different banks.

There is nothing in the subsequent case of the *Commonwealth vs. Magowan*, (1 *Met. Ky. Rep.*, 368,) which can be regarded as essentially modifying or extending the principle.

Here the defendant is charged to have carried deadly weapons of different kinds—a bowie knife, and a dirk or dagger. There is no particularity in the description of either weapon, and consequently no failure of proof in that respect. Yet the jury were told, in effect, that the failure on the part of the Commonwealth to prove that the defendant carried both a bowie knife and a dirk or dagger, entitled him to an acquittal.

The instruction was erroneous. It is in conflict with the well settled and long established principles of the criminal law, and is certainly not sustained by the decision on which it seems to have been founded.

The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.